Richard LAY, Plaintiff-Appellant,

v.

JUSTICES–MIDDLE DISTRICT COURT, et al., Defendants-Appellees.

Richard LAY, Plaintiff-Appellant,

v.

C. Paul PHELPS, et al., Defendants-Appellees.

Nos. 86–3718, 86–3719.

United States Court of Appeals, Fifth Circuit.

March 4, 1987.

Richard Lay, pro se.

J. Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, La., for defendants-appellees.

Before REAVLEY, JOHNSON and DAVIS, Circuit Judges.

REAVLEY, Circuit Judge:

Appellant Richard Lay, an inmate of the Louisiana Department of Corrections, filed related actions in the district court alleging civil rights violations by various state officials. He sought permission from the district court to proceed *in forma pauperis.* In support of this application, appellant filed an affidavit, stating his prison account balance, which purported to have been signed by the prison accounts supervisor. In fact, however, the signature was forged. Appellant admitted that he had forged the signature, offering no other explanation for his behavior than that the accounts supervisor had delayed two to three weeks in signing the affidavit and that appellant was in urgent need of redress from the courts. Upon discovery of these facts, the district court dismissed appellant's actions with prejudice. Appellant, also seeking permission to proceed *in forma pauperis* in this court, seeks review of this order. We grant the petition to proceed in this court *in forma pauperis.* Reaching the merits of the dismissal, we vacate the judgment below and remand.

In proceedings brought *in forma pauperis,* the district court has discretion to dismiss the case if the allegation of poverty is untrue. 28 U.S.C. § 1915(d). In the typical case involving such a dismissal, the plaintiff has misrepresented the amount of his assets and thus called into

question his eligibility to proceed *in forma pauperis. See, e.g., Camp v. Oliver,* 798 F.2d 434 (11th Cir.1986). In this case, appellant's statement of his account balance appears to have been accurate and thus, in a strict sense, his allegation of poverty was true. Despite this distinction, however, we believe that section 1915(d) is broad enough to permit a district court to dismiss an action for forgery of the signature on the affidavit attesting to such poverty. Such conduct is directly related to the litigant's privilege to proceed at the expense of the government and the district court has the power to ensure that this privilege is properly granted.

■ The question remains, however, whether the action was properly dismissed with prejudice. As recently noted by the Eleventh Circuit, the statute is "silent as to whether the dismissal should be with or without prejudice and the legislative history is not enlightening." *Camp,* 798 F.2d at 437. The cases that have dealt with the appropriateness of a dismissal with prejudice under section 1915(d) have uniformly recognized that such a dismissal is an extreme sanction that should only be imposed when evidence exists of bad faith, manipulative tactics, or litigiousness. *Id.* at 438; *Dawson v. Lennon,* 797 F.2d 934 (11th Cir.1986); *Harris v. Cuyler,* 664 F.2d 388 (3d Cir.1981). This recognition is largely based on an analogy to the proper use of a dismissal with prejudice in other contexts, and, as such, is consistent with the law in this circuit. *See, e.g., Morris v. Ocean Systems, Inc.,* 730 F.2d 248, 251 (5th Cir. 1984) (Dismissal with prejudice is a "drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice.") (quoting *Burden v. Yates,* 644 F.2d 503, 505 (5th Cir.1981)).

We conclude that appellant's falsification of the affidavit warranted denial of the right to proceed *in forma pauperis* as well as dismissal without prejudice of the complaint, but a dismissal with prejudice should be reserved for further cause. In most cases, the district court's interest in protecting its integrity and the integrity of the privilege of proceeding *in forma pauperis* should be adequately served by a dismissal without prejudice or an order dismissing with prejudice only after the plaintiff has been given a period of time to pay the required filing fees. *See, e.g., Thompson v. Carlson,* 705 F.2d 868 (6th Cir.1983). The latter sanction directly addresses the plaintiff's eligibility to proceed *in forma pauperis,* and is more closely tailored to the misconduct triggering the sanction.

In this case, the record does not show that the district court considered alternative lesser sanctions, nor is there any indication that the district court inquired into the details of the forgery. Although the record we do have certainly justifies the imposition of some sanction, it does not, in its bare state, support the extreme sanction of dismissal with prejudice. We therefore remand the case to the district court for reconsideration consistent with this opinion.

Petition to proceed *in forma pauperis* is GRANTED; Judgment below is VACATED and case is REMANDED.