United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30216
Summary Calendar

VINCENT MARK CASTILLO,

Plaintiff-Appellant,

versus

STATE OF LOUISIANA; ET AL,

Defendants,

STATE OF LOUISIANA,

Defendant-Appellee.

--------------------
Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-3293-I
--------------------

Before HIGGINBOTHAM, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Vincent Mark Castillo, Louisiana inmate #428777, proceeding pro se, moves for leave to proceed in forma pauperis ("IFP") in an appeal of the district court's final judgment that dismissed his 42 U.S.C. § 1983 complaint. Castillo's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. Baugh v. Taylor, 117 F.3d 197, 202

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1997). Castillo's motion for appointment of counsel is DENIED.

Castillo asserts that he was arrested and incarcerated on false, misdemeanor charges. He asserts that he was beaten, injured, and forced to shave his hair in contravention of a religious vow. He also asserts that he was denied a pork-free diet while he was detained.

Castillo asserts that the trial court erred by allowing the defense to inform the jury that he was incarcerated and in not declaring a mistrial; by refusing to compel discovery, subpoena witnesses, and appoint counsel; and in charging the jury. Castillo states that the district court judge should have been recused. Castillo contends that he had to testify, although he had not recently shaved and showered. He assert that his custodians confiscated his legal papers and trial preparation materials and did not allow him to make calls to obtain evidence and witnesses for trial.

Castillo has not shown that the district court erred in certifying that an appeal would not be taken in good faith. He has not shown that he will present a nonfrivolous issue on appeal. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed in forma pauperis is DENIED and the appeal is DISMISSED as frivolous. Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of the instant appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Castillo previously accumulated strikes for the dismissal of his appeal in Castillo v. Louisiana, 2004 WL 316044 (5th Cir. Feb. 18, 2004), and for the dismissal of his complaint in Castillo v. Louisiana, No. 00-CV-1826-B (E.D. La. Sept. 30, 2002).  Thus, barring reversal of this opinion, Castillo has accumulated three strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba, 103 F.3d at 387.  Castillo is therefore BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) SANCTION IMPOSED.