# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2009

No. 08-30166
Summary Calendar

Charles R. Fulbruge III
Clerk

VINCENT MARK CASTILLO

Plaintiff - Appellant

v.

KATHLEEN BABINEAUX BLANCO; STATE OF LOUISIANA; GENIE C
POWERS; DEPARTMENT OF PAROLE STATE OF LOUISIANA; LISA
CASSERA; HARRY LEE, Sheriff; JEFFERSON PARISH SHERIFF'S
OFFICE; NICK CONGEMI; KENNER CITY; WAL-MART LOUISIANA LLC;
UNIDENTIFIED PARTIES

Defendants - Appellees

Appeal from the United States United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-03386

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

On June 21, 2007, Vincent Mark Castillo sued Louisiana Governor
Kathleen Blanco, the City of Kenner, Kenner's former police chief, other
Louisiana governmental entities, and Wal-Mart Louisiana L.L.C. for alleged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

violations of 42 U.S.C. § 1983 and state tort claims. His allegations arose from a June 21, 2006, incident at a Wal-Mart store in which Castillo claims police unlawfully searched and seized him, accused him of stealing a car battery, and subjected him to public embarrassment while questioning him at the store. When Castillo brought his complaint, he requested in forma pauperis ("IFP") status and filed the requisite affidavits pursuant to 28 U.S.C. § 1915 disclosing any income earned, assets, employment, disability or workers' compensation benefits received, gifts and inheritances, and any other sources of income. On June 28, 2007, a magistrate judge ("MJ") granted Castillo IFP status and the right to proceed without paying the filing fee. The clerk accepted Castillo's complaint, and the lawsuit was docketed as filed June 28, 2007.

The appellees answered and filed a motion to rescind the MJ's order granting Castillo IFP status, claiming that his § 1915 affidavits were false and failed to disclose numerous sources of income. Castillo did not file any opposition to the motion. Rather than recommending dismissal under 28 U.S.C. § 1915(e)(2)(A), the MJ vacated and rescinded the order granting Castillo IFP status and ordered Castillo to pay the filing fee or risk having his suit dismissed. The MJ gave Castillo an additional two weeks to pay the filing fee. Later that same day, Castillo filed a motion for leave to amend his petition and pauper application. The MJ denied his motion the following day. Castillo then appealed to the district judge to whom his case was assigned. The district judge denied Castillo's appeal and affirmed the MJ's order.

Castillo failed to pay the filing fee. The appellees moved to dismiss Castillo's claims on the basis of the false § 1915 affidavits, under § 1915(e)(2)(A), and as frivolous or for failure to state a claim because the statute of limitations had expired, under § 1915(e)(2)(B). The district court set a hearing date, but Castillo failed to respond. The district court deemed the motions unopposed and dismissed all claims with prejudice. The district court did not specify the precise

statutory basis for its dismissal, but found that "the motion [to dismiss] has merit" because "any action against these Defendants has prescribed." Next, the appellees filed a motion for attorney's fees and sanctions under 42 U.S.C. § 1988 and Rule 11 of the Federal Rules of Civil Procedure. A hearing date was set, but because Castillo did not a file timely opposition the district court granted the sanctions motion without holding the hearing. The court awarded attorney's fees and costs to the appellees in the amount of $12,611.92 because Castillo gave false information in applying for IFP status and because Castillo refused to drop his suit after being informed his claims were time-barred. Castillo timely appealed.[1]

Castillo argues that the district court improperly revoked his IFP status, dismissed his claims, and ordered him to pay attorney's fees and costs. Castillo says he "is truly a pauper" and that the appellees erroneously relied on unreliable information to show that his § 1915 affidavit was false. He claims he is jobless, has no running water or electricity, is living out of his car, and owes debts of more than $50,000. The appellees argue the district court correctly revoked Castillo's IFP status upon finding he provided false information on his § 1915 affidavits and was hiding income and assets. The appellees also argue that the dismissal was proper because Castillo's suit was barred by the statute of limitations. They assert the district court properly assessed sanctions against Castillo for providing false information on his § 1915 affidavits and for pursuing a frivolous lawsuit.

---

[1] We notified Castillo on April 1, 2008, that his appellant's brief was due 40 days from that date. Castillo filed a motion for leave to appeal IFP April 14, 2008, which the appellees opposed. Because Castillo failed to timely file his appellant's brief, we dismissed his appeal for want of prosecution under this Court's Rule 42.3. Castillo filed a request to reinstate his appeal June 16, 2008, which we granted. We also granted his motion for leave to proceed IFP on appeal. In granting his motion, we took his allegations of poverty as true for the limited purpose of addressing the IFP request. However, we warned Castillo that "this will not prevent the court from taking appropriate action if the [§ 1915] affidavit is found to contain false information" and "continuing to pursue a frivolous appeal will also result in sanctions."

There is some unclarity regarding the standard of review for dismissals under § 1915. In some cases, we have used an abuse of discretion standard to review a district court's dismissal of an IFP complaint as frivolous. *Marts v. Hines*, 117 F.3d 1504, 1505-06 (5th Cir. 1997) (reviewing "the trial court's exercise of discretion" in its dismissal of IFP complaints as frivolous or malicious and citing to *Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992), which held the district court's dismissal under the predecessor frivolousness statute "is properly reviewed for an abuse of discretion"). In other cases we have reviewed a dismissal under § 1915 *de novo*, applying the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Moore v. Carwell,* 168 F.3d 234, 236 (5th Cir. 1999) (reviewing *de novo* the dismissal of an IFP complaint under statutory provisions for dismissal both for frivolousness and failure to state a claim); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (reviewing *de novo* the district court's dismissal of an IFP complaint under the § 1915 provision for dismissal for failure to state a claim). We need not resolve this discrepancy here, because we find that the district court was correct under either an abuse of discretion or *de novo* standard of review. We review the Rule 11 sanctions for abuse of discretion. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 533 (5th Cir. 1992).

Federal courts may authorize litigants to proceed in a suit without paying any fees if they submit an affidavit disclosing all their assets and their reasons for their inability to pay. 28 U.S.C. § 1915(a)(1). However, courts "shall dismiss" a case upon finding an allegation of poverty is false, 28 U.S.C. § 1915(e)(2)(A), or "the action ... is frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(I), or the complaint "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii). Importantly, § 1915(e)(2) is phrased in mandatory rather than permissive terms: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss* the case at any time if the court

determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A) (emphasis added).[2] Though the statute is silent as to whether this dismissal should be with or without prejudice, we noted that cases are appropriately dismissed with prejudice when "evidence exists of bad faith, manipulative tactics, or litigiousness." *Id.* at 286 (citing *Camp v. Oliver,* 798 F.2d 434 (11th Cir. 1986); *Dawson v. Lennon*, 797 F.2d 934 (11th Cir. 1986); *Harris v. Cuyler*, 664 F.2d 388 (3d Cir. 1981)).

In revoking Castillo's IFP status, the MJ found that the "evidence . . . is overwhelming that plaintiff is not entitled to proceed in forma pauperis and that his Application to Proceed In Forma Pauperis . . . was false." The MJ also instructed Castillo that if he failed to pay the filing fee, his suit was subject to dismissal under 28 U.S.C. § 1915(e)(2)(A). When Castillo failed to pay this fee and also failed to respond to the appellees' motions to dismiss, the district court dismissed Castillo's claims with prejudice. Though the MJ chose to give Castillo time to pay the fees instead of dismissing his case outright when it revoked his IFP status, under the statute the dismissal was appropriate any time the court determined that the allegation of poverty was untrue.

The appellees have provided proof of many inconsistencies in Castillo's § 1915 affidavits. In his affidavit, Castillo claimed (1) the only autos or other valuable property he owned were an inoperable 1991 van and a 1991 truck worth

---

[2] Interpreting the predecessor statute to 28 U.S.C. § 1915(e)(2)(A), 28 U.S.C. § 1915(d), we observed that "[i]n proceedings brought in forma pauperis, the district court has discretion to dismiss the case if the allegation of poverty is untrue." *Lay v. Justices-Middle Dist. Court,* 811 F.2d 285, 285 (5th Cir. 1987). The predecessor statute, 28 U.S.C. § 1915(d), stated a court "may dismiss [a] case [brought in forma pauperis] if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *Humphries v. Various ISINS Employees*, 164 F.3d 936, 940 n.4 (5th Cir. 1999). This language led courts to interpret the dismissal as discretionary. However, when the statute was amended, the language was changed to the current phrasing of "shall dismiss." This change indicates Congress intended dismissals under § 1915(e)(2)(A) to be mandatory rather than discretionary. *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998) (stating the amended language "mandated that a district court 'shall dismiss the case' if, among other things, 'the allegation of poverty is untrue'").

$200; (2) he had no cash or savings or checking accounts; (3) he had been unemployed since 2005; and (4) he had not received money from any source in the past year. Though Castillo claims that the district court relied on unreliable evidence in finding that his allegation of poverty was false, the appellees have presented an abundance of evidence that Castillo has numerous undisclosed sources of income. Among other evidence, the record shows that Castillo owns several vehicles, runs one or more businesses for which he was hiring employees, filled out a credit application in 2007 credit application claiming a $100,000 salary, drew several months' rent from his checking account, and paid the $750 filing fee to run for governor of Louisiana in September 2007. Castillo has failed to rebut this evidence. Accordingly, we hold that the district court correctly found that the allegations of poverty in Castillo's § 1915 affidavits were untrue, and properly dismissed the case. *See Lay v. Justices-Middle Dist. Court,* 811 F.2d 285, 285 (5th Cir. 1987).

Further, the district court correctly dismissed Castillo's claims with prejudice. In his appellate brief, Castillo admits that he "is a frequent litigator with dozens of open cases throughout the state and in the 19th, 24th, 29th, etc Judicial District Courts for the State of Louisiana with tens upon thousands of court related costs due . . . ." This is clear evidence of litigiousness, which under *Lay* warrants a dismissal with prejudice. *See Lay,* 811 F.2d at 286. The record also indicates that the same day Castillo filed suit in the instant case, he filed another federal suit without paying fees and with a nearly identical § 1915 affidavit. In addition, the record shows that during a 2007 *Spears* hearing in another of Castillo's suits, he bragged about being Louisiana's most prolific *pro se* litigator. The MJ in that case noted Castillo had filed dozens of federal lawsuits and his long history of frivolous litigation led this Court in 2004 to bar Castillo from filing federal suits IFP during his frequent periods of incarceration. *Castillo v. Louisiana,*108 Fed. App'x 156, 157 (5th Cir. 2004).

We also conclude that the district court correctly found that Castillo's claims were frivolous because they were barred by the statute of limitations. When a plaintiff brings a § 1983 action in federal court, the court applies the personal injury statute of limitations of the forum state. *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995). Here, Louisiana law provides a one-year statute of limitations—a plaintiff must bring an action no later than one year after the day of the alleged injury or damages. LA. CIV. CODE ANN. art. 3492 (2008). Castillo submitted his petition to the clerk's office one year to the day after the alleged Wal-Mart incident that gave rise to this suit, but the suit was not officially docketed until a week later, following the approval of his IFP status. If his IFP status had not been revoked, the statute of limitations might have been equitably tolled for the time between the date he submitted his petition and the date that his IFP status was granted. *See United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000) (citing *Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1392 (5th Cir. 1991), for the proposition that a court clerk's delay in stamping complaint as "filed" due to a pending motion to proceed IFP justified equitable tolling). However, since the district court revoked Castillo's IFP status due to the finding that his § 1915 affidavits were false, this equitable tolling no longer applies. Accordingly, the district court correctly determined that his claims were barred by the statute of limitations.

Finally, we hold that the district court did not abuse its discretion when it imposed sanctions against Castillo under Rule 11 by requiring him to pay the defendants' reasonable attorney's fees and expenses. Rule 11 of the Federal Rules of Civil Procedure provides that by submitting to the court a pleading, written motion, or any other paper, a party certifies that it is not presented for improper purposes (such as harassment or needless delay and costs), that legal contentions and claims or defenses are supported by law and are not frivolous, and that all allegations in the paper submitted likely will be found to have

7

evidentiary support. FED. R. CIV. P. 11(b). Rule 11 also allows a court, after notice and opportunity to respond, to impose "an appropriate sanction" on a party for violating Rule 11(b). FED. R. CIV. P. 11(c). Such sanctions are limited by the rule to whatever sufficiently deters the offensive conduct, but may include orders to pay attorney's fees and other expenses. *Id.* Here, Castillo has failed to show that the district court abused its discretion by imposing sanctions in the amount of $12,611.92. The evidence clearly shows that Castillo's § 1915 affidavits were false. The attorney's fees and costs the district court ordered him to pay fell within the reasonable discretion of the court to deter Castillo from further misconduct, especially considering Castillo's history of filing IFP lawsuits.

Having concluded that Castillo's § 1915 affidavits contained false information, we find that Castillo's appeal is without arguable merit and thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Therefore, it is dismissed as frivolous. *See* 5TH CIR. R. 42.2. We also note that Castillo was previously barred from proceeding IFP in any civil action or appeal filed during his incarceration because he accumulated three strikes for purposes of 28 U.S.C. § 1915(g). *See Castillo v. Louisiana,* 108 Fed. App'x 156 (5th Cir. 2004). Accordingly, we invite the Appellees to move this Court for the imposition of sanctions and costs under FED. R. APP. P. 38.

DISMISSED