SUSAN M. CHEHARDY, Chief Judge.
|2On appeal, plaintiff, Vincent Mark Castillo, challenges the judgments sustaining defendants’ exceptions of no cause of action. For the following reasons, we affirm the judgments.

Facts and Procedural History

On June 9, 2011, Vincent Mark Castillo (hereinafter “Mr. Castillo”) filed suit against Jefferson Parish Sheriff Newell Normand, the State of Louisiana, “Carl Preyer of JPCC Food Services,” and Jefferson Parish Sheriffs Deputy J. Mareal seeking “damages, injunction, and a jury trial.” In his original petition, Mr. Castillo, who was confined at that time at the Jefferson Parish Correctional Center, alleged that Sheriff Normand and the State of Louisiana violated his constitutional rights during his confinement in parish prison by denying Mr. Castillo access to a law library; failing to provide legal-sized paper; failing to provide carbon paper; illegally collecting sales tax on inmate commissary purchases; and improperly classifying detainees and inmates.[1]
lain his petition, Mr. Castillo further alleged that “Carl Preyer of JPCC Food Services,” along with Sheriff Normand and the “State of Louisiana” violated his “religious rights” by failing to inform him of “the exact date of Passover” and failing to provide him with “lamb, wine, or unleavened bread” and “pork-free” meals.[2] Lastly, Mr. Castillo raised “[t]he claims brought against [Sheriff] Normand and Deputy J. Mareal in Castillo v. Marcal, et al, # 692-612 in Division “D” of the 24th Judicial District Court for the Parish of Jefferson, Louisiana.”[3]
*488 On December 16, 2011, Deputy Joseph Marcal filed an exception of no cause of action on the basis that “plaintiffs petition is completely void of any allegation of alleged wrongdoing by Deputy Joseph Mar-cal.” On June 30, 3012, Mr. Castillo filed his opposition to Deputy Marcal’s exception of no cause of action, yet stated that he had “no objection to [Marcal] being dismissed from this suit voluntarily.” On April 24, 2012, the trial judge granted Deputy Marcal’s exception of no cause of action and granted Mr. Castillo thirty days within which to file his amended petition asserting a cause of action against Deputy Joseph Marcal.
On May 4, 2014, Mr. Castillo filed his amended petition. In it, Mr. Castillo alleged, among numerous other claims against various other defendants, that Deputy Joseph Marcal “unlawfully approach[sic] and/or question and/or seize and/or search and/or detain and/or arrest and embarrass Castillo in and around a public coffee shop and without cause.” ■ On May 17, 2012, after a contradictory hearing, the trial judge found that Mr. Castillo had failed to amend his petition to |4state a cause of action against Deputy Joseph Marcal, sustained'Deputy Marcal’s exception of no cause of action, and dismissed Mr. Castillo’s suit against Deputy Marcal.
Meanwhile, the State of Louisiana filed exceptions of “frivolity and no cause of action” on the basis that “no relief can be assessed against the State for the alleged acts or omissions of the Jefferson Parish Sheriff,” citing La. R.S. 42:1441.1 and 13:5108.1(E). The State also requested that the trial judge issue a “strike” against Mr. Castillo, noting that Mr. Castillo proclaims himself the most prolific pro se litigant in the State of Louisiana.[4]
On May 17, 2012, after a contradictory hearing, the trial judge found that Mr. Castillo had failed to state a cause of action against the State of Louisiana, sustained its exceptions of frivolity and no cause of action, and dismissed Mr. Castillo’s suit against the State of Louisiana.
On or about June 29, 2012, Mr. Castillo filed motions to appeal the trial court’s judgments sustaining Deputy Marcal’s and the State of Louisiana’s exceptions. On October 29, 2012, the trial judge granted Mr. Castillo’s motions and set the return date as directed by law. This appeal follows.

Discussion

In the context of the peremptory exception, a “cause of action” refers to the operative facts which give rise to the plaintiffs right to judicially assert an action against the defendant. Scheffler v. Adams and Reese, LLP, 06-1774 (La.2/22/07), 950 So.2d 641, 646; Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the plaintiffs petition by ^determining whether the law affords a remedy on the facts alleged in the petition. Id. The exception is triable on the face of the pleadings and, for purposes of resolving the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. Scheffler, 950 So.2d at 646; City of New Orleans v. Board of Commissioners *489 of Orleans Levee District, 93-0690 (La.7/5/94), 640 So.2d 237, 253.
The burden of demonstrating that a petition fails to state a cause of action is on the mover. Scheffler, 950 So.2d at 647. Because the exception of no cause of action raises a question of law and the lower court’s decision is generally based only on the sufficiency of the petition, review of the lower court’s ruling on an exception of no cause of action is de novo. Id. The pertinent inquiry is whether, viewed in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiffs favor, the petition states any valid cause of action for relief. Id.
Generally, under La. C.C.P. art. 931, no evidence may be introduced to support or controvert the exception of no cause of action. A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the facts, the plaintiff has not stated a claim for which he or she can receive legal remedy under the applicable substantive law. Id.
Applying the legal precepts set forth above, we find that the district court was correct in finding that Mr. Castillo cannot maintain a valid cause of action against either Deputy Joseph Marcal or the State of Louisiana. With respect to Deputy Marcal, our review of the original and amended petitions reveals that the operative fact, which gives rise to this litigation against Deputy Joseph Marcal, is Mr. Castillo’s alleged arrest. To support allegations that an employer is liable for an alleged wrongful action of an employee, a petition must allege that the employee’s act was committed while performing an official duty and that the |6alleged wrong must have resulted from the wrongful manner in which such official duty was performed. See, Zeitoun v. City of New Orleans, 11-0479 (La.App. 4 Cir. 12/7/11), 81 So.3d 66, 74, writ denied, 12-0426 (La.4/9/12), 85 So.3d 704.
When reviewing the petition in question, Mr. Castillo states that Deputy Marcal “unlawfully [did] approach and/or question and/or seize and/or search and/or detain and/or arrest and embarrass” Mr. Castillo on August 20, 2010. However, there is no other allegation or other substantiation of those claims in any of the petitions filed in this suit. It is not even clear that Mr. Castillo was arrested on that date. Based on the record before this Court, we find that Mr. Castillo has failed to show that any cause of action arose during his alleged encounter with Deputy Marcal. Therefore, we agree with the trial-court that this is a meritless claim, which fails on the alleged facts and pleadings.
Turning to the State of Louisiana, our review of the original and amended petitions reveals that the operative fact that gives rise to this litigation against the State of Louisiana is Mr. Castillo’s detention by the Jefferson Parish Sheriff at the Jefferson Parish Correctional Center (“JPCC”). Essentially, Mr. Castillo alleges that the State of Louisiana pays Jefferson Parish Sheriff Newell Normand for every prisoner housed at the JPCC. At the time that this allegation was made, Mr. Castillo was awaiting trial in the Twenty-Fourth Judicial District Court for felony charges arising in Jefferson Parish. Mr. Castillo was in the custody of the Jefferson Parish Sheriff, not the State of Louisiana. Thus, there is no cause of action against the State of Louisiana. Therefore, we agree with the trial court that this is a meritless claim, which fails on the alleged facts and pleadings.

*490
Application of La. R.S. 15:1187

Next, we turn to Mr. Castillo’s continued ability to proceed before this Court in forma pauperis. The Louisiana Legislature’s purpose of enacting the Prisoner |7Litigation Reform Act, La. R.S. 15:1181 et seq., was to provide for civil actions with respect to prison conditions or effects of officials’ actions on prisoners’ lives. Frederick v. Ieyoub, 99-0616 (La. App. 1 Cir. 5/12/00), 762 So.2d 144, writ denied, 00-1811 (La.4/12/01), 789 So.2d 581. A court may subject the indigent litigant to continuous scrutiny to prevent abuse of the privilege. Smith v. Smith, 548 So.2d 608 (La.App. 2d Cir.1989).
La. R.S. 15:1187 provides that:
In no event shall a prisoner bring a- civil action or appeal a judgment in a civil action or proceeding in forma pauperis if the prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in a state court that was dismissed on the ground that it was frivolous, was malicious, failed to state a cause of action, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
Louisiana 15:1181 provides, in pertinent part, that:
(2) “Civil action with respect to prison conditions” or “prisoner suit” means any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include post conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison....
[[Image here]]
(6) “Prisoner” means any person subject to incarceration, detention, or admission to any prison who is accused of, convicted of, sentenced for, or adjudicated delinquent for a violation of criminal law or the terms or conditions of parole, probation, pretrial release, or a diversionary program. Status as a “prisoner” is determined as of the time the cause of action arises. Subsequent events, including post , trial judicial action or release from custody, shall not affect such status....
We note that Mr. Castillo is incarcerated at Rayburn Correctional Center in Angie, Louisiana and is a “prisoner,” as defined by La. R.S. 15:1181(6); thus, he is subject to the constraints of La. R.S. 15:1187. The record reveals that Mr. Castillo’s claims, which were filed against several defendants, directly correlate to actions | ^concerning conditions of his confinement or effects of actions by government officials on his life as a person confined in prison.
Next, we take judicial notice that Mr. Castillo has accumulated at least “three strikes” under La. R.S. 15:1187 in actions he filed “while incarcerated or detained in any facility.” See, Castillo v. Fendlason, et al, No. 788-562, 24th Judicial District Court Case, Parish of Jeffer son (suit by prisoner alleging that government officials adversely affected his life was dismissed for failure to state a cause of action); Castillo v. Joyce et al, No. 686-899, 24th Judicial District Court Case, Parish of Jefferson (suit by prisoner alleging that sheriff and other government officials adversely affected his life was dismissed for failure to state a cause of action); Castillo v. Clerk of Court for St. Charles Parish et al., 06-662 C/W 06-663 (La.App. 5 Cir. 1/30/07), 951 So.2d 1258, 1262, writ denied, 07-0359 (La.3/30/07), 953 So.2d 69 (suit against numerous St. Charles Parish officials raising numerous claims including mistreatment during his incarceration was *491 dismissed with prejudice for failure to state a claim). Further, in the instant matter, at least the claim against the State of Louisiana for conditions of his incarceration would count as a strike under La. R.S. 15:1187. Accordingly, we consider this opinion affirming the trial court’s judgment as a “strike” under La. R.S. 15:1187.
Because we agree with our brethren on the United States Fifth Circuit Court of Appeals that “pro se civil rights litigation has become a recreational activity for state prisoners,[5] and prisoners have abused the judicial system in a manner that non-prisoners simply have not.” Carson v. Johnson, 112 F.3d 818, 822 (5th Cir.1997), we reiterate that, unless there is an indication that Mr. Castillo “is under imminent danger of serious physical injury,” the sanctions of La. R.S. 15:1187 are operative in civil actions filed by Mr. Castillo while he remains incarcerated.
| JDecree
In conclusion, we affirm the trial court’s judgments sustaining defendants’ exceptions of no cause of action. Furthermore, pursuant to La. R.S. 15:1187, upon finding that this prisoner has on more than three occasions while incarcerated brought an action in a state court that was dismissed or failed to state a cause of action, we find that “in no event shall [this] prisoner bring a civil action ... in forma pauperis” in this Court, “unless the prisoner is under imminent danger of serious physical injury.”

AFFIRMED.

. We note that the Corrections Administrative Remedy Procedure Act, which is codified at La. R.S. 15:1171 et seq., provides "the exclusive remedy available to the offender for complaints or grievances” such as the claims listed in this petition by Mr. Castillo against the custodian of the parish prison and his employees.

. See fn 1.

. On June 9, 2011, Mr. Castillo filed a motion to proceed in forma pauperis in this case, which the trial judge denied on August 15, 2011. The trial court, citing La. R.S. 15:1187, found that Mr. Castillo was a prisoner, not in danger of serious physical injury, challenging the conditions of his confinement. The trial judge further found that Mr. Castillo could not proceed in forma pauperis because he had "three strikes,” i.e., three previous civil actions that were dismissed. Mr. Castillo sought review of that ruling with this Court, which granted relief on the basis that one of the civil actions relied on by the trial judge was a federal suit, not a state suit as required by La. R.S. 15:1187. Castillo v. Nor *488 mand, et al, 11-919 (La.App. 5 Cir. 10/3/11) (unpublished writ disposition).

. See Castillo v. Blanco, 330 Fed.Appx. 463, 467 (5th Cir.2009) citing Castillo v. Louisiana, 108 Fed.Appx. 156, 157 (5th Cir.2004) noting that this petitioner had filed dozens of frivolous federal lawsuits while he was incarcerated, which led the federal 5th Circuit Court of Appeals, in 2004, to bar Castillo from filing federal suits in forma pauperis during his frequent periods of incarceration.

. Citing Gabel v. Lynaugh, 835 F.2d 124, 125 n. 1 (5th Cir.1988) (per curiam).