# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60262

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2016

Lyle W. Cayce
Clerk

DAVID GARLAND ATWOOD, II,

Plaintiff-Appellant

v.

JOHN LYONS; AMERICA ONLINE, INCORPORATED; YAHOO, INCORPORATED; OTHER UNKNOWN INDIVIDUALS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-711

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Garland Atwood, II, federal prisoner # 07954-043, seeks leave to proceed in forma pauperis (IFP) in his appeal from the district court's dismissal of his civil complaint for failure to state a claim on which relief can be granted. Atwood alleged various claims arising from the purported hacking of a website that he controlled and the use of that appropriated website to disparage him.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60262

By moving to proceed IFP, Atwood is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Atwood has failed to brief any argument addressing the district court's reasons for dismissing the complaint and certifying that the appeal was not taken in good faith. Accordingly, Atwood has abandoned any challenge to the certification decision, *see Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and failed to show that his appeal involves any arguably meritorious issue, *see Howard*, 707 F.2d at 220. Because he has not demonstrated that his appeal involves a nonfrivolous issue, we deny his motion to proceed IFP and dismiss the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.

Both the district court's dismissal of the complaint for failure to state a claim and our dismissal of this appeal count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Atwood that, if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.