# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60781

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2019

Lyle W. Cayce
Clerk

DAVID SMITH-GARCIA, also known as David G. Atwood, II,

Plaintiff-Appellant

v.

HARRISON COUNTY; HARRISON COUNTY SHERIFF'S DEPARTMENT; TROY PETERSON, Sheriff; UNKNOWN HUBBARD, Warden; QUALITY CORRECTIONAL HEALTHCARE; UNKNOWN BATES, Doctor; UNKNOWN SINGLETON, Nurse; UNKNOWN BYRD, Nurse; KIM UNKNOWN, Nurse; MADISON COUNTY; MADISON COUNTY SHERIFF'S DEPARTMENT; RANDALL TUCKER, Sheriff; CHUCK MCNEIL, Major; UNKNOWN DOCTOR, at Madison County; UNKNOWN COULTER, Doctor; UNKNOWN DOCTOR, at Harrison County,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CV-332

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

David Smith-Garcia, federal prisoner # 07954-043, formerly known as David G. Atwood II, moves this court for authorization to proceed in forma

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pauperis (IFP) in an appeal of the district court's judgment dismissing his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(A). Smith-Garcia contends that the $6,705.59 he received from a prior false arrest lawsuit does not qualify as "income" for purposes of an IFP application because it is tax exempt under federal law. As such, he argues that he was not required to disclose the $6,705.59 in his IFP application before the district court. Alternatively, Smith-Garcia asserts that he was not required to disclose a portion of the $6,705.59 in his IFP application because it represented reimbursement for income earned six years prior to the filing of his complaint. He states that he did properly report a portion of the $6,705.59 as income received in February and March of 2017 on his IFP application.

"The federal [IFP] statute, codified at 28 U.S.C. § 1915, allows an indigent litigant to commence a civil or criminal action in federal court without paying the administrative costs of proceeding with the lawsuit." *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A litigant seeking IFP status must submit an affidavit identifying all assets he possesses, as well as a statement that he is unable to pay the necessary fees of bringing a federal civil action. *See* § 1915(a)(1). However, if a district court finds at any time that "the allegation of poverty is untrue," the IFP statute provides that it must dismiss the case, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid." § 1915(e)(2)(A); *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016). In the instant case, the district court did not abuse its discretion in dismissing Smith-Garcia's complaint pursuant to § 1915(e)(2)(A) in light of his failure to disclose the income he received from his prior false arrest lawsuit within the applicable timeframe. *See Nottingham*, 837 F.3d at 441; *Lay v. Justices-Middle Dist. Court*, 811 F.2d 285, 285-86 (5th Cir. 1987).

No. 18-60781

Smith-Garcia's appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). His IFP motion is therefore denied, and his appeal is dismissed as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. Smith-Garcia has previously accumulated two strikes under § 1915(g). *See Atwood v. Lyons*, 628 F. App'x 313, 314 (5th Cir. 2016); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). The instant dismissal also counts as a strike under § 1915(g). *See Adepegba*, 103 F.3d at 387. Accordingly, Smith-Garcia is barred from proceeding in any civil action or appeal while incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; THREE-STRIKES SANCTION IMPOSED.