# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 16, 2021

Lyle W. Cayce
Clerk

No. 19-11197
Summary Calendar

WILLIAM PAUL BURCH,

*Plaintiff—Appellant*,

*versus*

FREEDOM MORTGAGE CORPORATION,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-629

Before DENNIS, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

William Paul Burch moves for leave to appeal in forma pauperis (IFP) from the district court's dismissal, under Federal Rule of Civil Procedure 12(b)(6), of his removed state court action against Freedom Mortgage Corporation (Freedom). That court held that Burch's action

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11197

based on an allegedly fraudulent lien under Texas Civil Practice and Remedies Code § 12.003 was untimely under the four-year limitation period of Texas Civil Practice and Remedies Code § 16.004(a) because Burch knew or believed that Freedom had breached a Chapter 11 bankruptcy plan when Freedom foreclosed on Burch's property in January 2011. The court accordingly denied Burch's contemporaneous motion for summary judgment.

To proceed IFP on appeal, a movant must demonstrate both financial eligibility and the existence of a nonfrivolous appellate issue. 28 U.S.C. § 1915(a)(1); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). A movant does not need to be absolutely destitute to obtain IFP status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But there is no "bright line" test for determining when a court should grant IFP status, and the court's decision is reviewed for abuse of discretion. *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981). We may dismiss an appeal sua sponte if it "is frivolous and entirely without merit." 5TH CIR. R. 42.2.

The district court did not abuse its discretion by denying IFP status based on Burch and his wife having sufficient income to pay the filing fees. We also take judicial notice of records indicating that Burch and his wife own at least one home, although Burch listed the value of his home and other real estate as zero on the affidavit accompanying his IFP application.

Burch's contention that the four year limitation period does not apply because Freedom's lien was void from its inception lacks arguable merit. Burch's fundamental contention here and in the district court has been that Freedom's lien became void when Freedom allegedly breached the bankruptcy plan. Burch's various contentions that the limitation period was tolled by an unrelated 2012 bankruptcy are based on his misunderstanding or misapplication of law and are devoid of merit.

No. 19-11197

Because Burch is financially ineligible to proceed IFP and identifies no non-frivolous issue for appeal his IFP motion is denied and the appeal is dismissed as frivolous.

This court has already issued Burch a sanction warning and noted that the bankruptcy court has "deemed Burch a vexatious litigant." *Burch v. Freedom Mtg. Corp.* (*Matter of Burch*), 835 F. App'x 741, 749 (5th Cir. 2021). His arguments reflect little concern for actually understanding of the law and are fairly characterized as careless enough to be vexatious. Moreover, as of this writing Burch has initiated at least 34 appeals in this court since 2019. So far, none have been found to have merit, and several have been terminated without an opinion. Burch also has several more IFP motions pending in other cases.

Burch's attempt to litigate multiple frivolous actions and appeals while proceeding IFP is troublesome in light of our recent sanction warning and the possibility that he has not been wholly forthcoming about his financial status. He is therefore warned again that additional frivolous or abusive filings in this court, the district court, or the bankruptcy court will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. He is admonished to review any pending appeals and to withdraw any appeals that are frivolous. He is further warned that false statements in IFP applications can invite additional sanctions, including dismissal, monetary penalties under Federal Rule of Civil Procedure 11, payment of his opponents' costs and attorneys' fees, and revocation of pauper status even if he might still qualify as a pauper. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 & n.7 (5th Cir. 2016); *Lay v. Justices-Middle Dist. Court*, 811 F.2d 285, 286 (5th Cir. 1987).

No. 19-11197

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNINGS ISSUED.