PRISCILLA R. OWEN, Circuit Judge:
Jay Nottingham, proceeding pro se, appeals the district court’s dismissal of this suit pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court orders. Because we conclude that the district court did not abuse its discretion, we affirm.
I
Nottingham filed a complaint in the district court, alleging constitutional violations arising out of his incarceration in a Texas Department of Criminal Justice prison. The day he filed the complaint, Nottingham also filed an application to proceed in forma pauperis (IFP). Recognizing several defects and inconsistencies in the IFP application, Magistrate Judge AveRitte issued an order directing Nottingham to provide corrected financial disclosures by answering detailed questions in a questionnaire. Rather than comply with this order, Nottingham paid the filing fee.
Magistrate Judge AveRitte then issued an order noting that in two prior cases, Nottingham had engaged in “similar conduct” by applying' for IFP status and then paying the filing fee rather than complying with an order to provide verifiable information in support of the IFP application. The court expressed concern based on this pattern as to “whether [Nottingham’s] initial request for pauper status was proper,” and specifically directed Nottingham to comply with its previous order requiring *440 him to file corrected and complete financial information using the questionnaire provided, notwithstanding his payment of the filing fee.
In response to this second order, Nottingham filed a “motion to withdraw [the] request to proceed in forma pauperis,” in light of his payment of the filing fee. Nottingham’s- motion also sought the court’s withdrawal of its “request” for compliance with its previous orders, asserting that he had “paid all filing fees and [wa]s no longer required to file any financial statement.”
Magistrate Judge Averitte granted Nottingham’s motion to withdraw the original IFP application, acknowledging that the application “appeared] to have been rendered moot” by Nottingham’s payment of the filing fee. However, the court denied Nottingham’s motion for the withdrawal of the requirement that he comply with its financial disclosure directives, The court held that neither of-the orders requiring Nottingham to complete the questionnaire had been mooted by the payment of the filing fee and that the same concerns that the court had regarding Nottingham’s original IFP application remained. The court explained that litigants are required to comply with court orders and may be sanctioned for failing to do so and directed Nottingham to comply with- its two previous orders “instanter.” Additionally, the title of the order stated, in all capital letters, that it was Nottingham’s “last opportunity to comply with court order,” and the court explicitly warned Nottingham in the body of the order that “a failure to comply may lead to -the imposition of sanctions including the assessment of a monetary sanction and, ultimately, dismissal of this lawsuit.”
Steadfast in his desire to proceed without completing the questionnaire, Nottingham filed instead a “response” to the court’s order expressing confusion as to the financial disclosure obligation. Attached to the response was an affidavit from Nottingham’s wife, Nancy Morrison Nottingham, explaining that the Notting-hams’ financial circumstances had improved between the time of the original IFP application and the paying of the filing fee. According to the affidavit, medical problems had restricted Nancy’s ability to work in mid-2014, but surgery had alleviated the issue to the point that the Not-tinghams were no longer in need of IFP assistance by the end of 2014.
In response, the district court dismissed the complaint without prejudice. In dismissing the case pursuant to Federal Rule of Civil Procedure 41(b), District Judge Robinson noted that Nottingham “has made plain [that] he will npt comply” with the previous orders to complete the questionnaire and that he was warned of the potential consequences for noncompliance.
The day after the dismissal, Nottingham filed a motion for reconsideration. In the motion, Nottingham did not offer to cure his error by .filing .a completed questionnaire. Instead, he argued that he had gone “far and above” in his efforts to comply with .the court’s order and “followed each and every order that was issued,” asserting that Magistrate Judge Averitte had no basis for continuing to require Nottingham to comply with the financial disclosure obligation after he paid the filing fee. The district court denied the motion for reconsideration, and Nottingham timely appealed.
II
Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.[1] *441 We review such dismissals for abuse of discretion.[2] Where, as here, “the dismissal is without prejudice but the applicable statute of limitations probably bars future •litigation,” our examination is searching, and we review the dismissal- as we would a dismissal with prejudice.[3] Although “[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is ‘a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice,’.”[4]
Read liberally, Nottingham’s brief argues that Magistrate Judge Averitte lácked the authority to reqúire him to complete the questionnaire after he paid the filing fee, excusing his refusal to comply with the court’s orders. Magistrate Judge Averitte required Nottingham’s continued compliance with the financial disclosures order to ensure that the “initial request for pauper- status was proper,” in light of Nottingham’s apparent pattern of filing IFP applications and then paying the filing fee when additional and verifiable detail was requested.' Although we have never addressed the propriety of a district court ordering financial disclosures after a plaintiff withdraws his or her IFP application in favor of paying the filing fee, we conclude that the district court has that authority.
The statute governing IFP status specifies that “Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if [it] determines that ■... the allegation of poverty is untrue.”[5] Accordingly, ’ inquiry into whether Nottingham’s allegations of poverty were true was well within the district court’s discretion. Dismissal is mandatory if the court - determines “at any time,”[6] even after the plaintiff pays the filing fee,[7] that the contents of an IFP application are false.- A district court retains the authority to conduct reasonable investigations into the allegation of poverty even after the filing fee payment. Under the statute’s plain language, Nottingham’s eventual payment, did not disrupt the district court’s ability to inquire into whether the initial IFP ■ application contained misrepresentations.
We reject Nottingham’s argument that his noncompliance can be excused on the ground that the district court lacked the authority to require him to complete the *442 questionnaire after he paid the filing fee; The question remains, however, whether the district court abused its discretion by-imposing the ultimate sanction for Nottingham’s refusal to comply with court orders.
The district court had reason to suspect that Nottingham’s IFP application .contained false information, as this is apparently the third time that Nottingham has filed an IFP application, then withdrawn the application after being pressed for additional information. While Nottingham argues on appeal that he has never previously filed for IFP status, the docket sheets in the two previous cases cited by Magisteate Judge . Averitte reflect IFP requests followed by payment of the filing fee,[8] so even if those docket sheets reflect some clerical error or Nottingham filed for IFP relief in those cases only by mistake, Magistrate Judge Averitte had an objective basis for suspecting that Nottingham may have made untrue allegations of poverty and was permitted to inquire about the issue. , , .
As noted above, dismissal was proper only if Nottingham’s noncompliance was the result of “purposeful delay or contuma-ciousness and ... lesser sanctions would not serve the best interests of justice.”[9] Additionally, to dismiss with prejudice, we usually require the presence of an “aggravating factor,” which includes “the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.”[10]
Nottingham’s conduct demonstrates con-tumaciousness. After the district court twice made clear that it required Nottingham’s compliance with its original order notwithstanding his payment of the filing fee, Nottingham expressed confusion at the directive and noted that he “cannot find any requirement to file any financial statement if he has not asked for any financial assistance.” But the requirement to provide financial information was clearly set forth in two of Magistrate Judge Aver-itte’s orders. A litigant may not flout valid court orders simply because he is not independently certain of their validity.[11]
With respect to lesser sanctions, we have previously made clear that they “include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings.”[12] Here, Magistrate Judge Averitte explicitly warned Nottingham that his continued refusal to complete the questionnaire provided “may lead to the imposition of sanctions including the assessment of a monetary sanction and, *443 ultimately, dismissal of this lawsuit.” Despite this explicit warning, Nottingham refused to comply.
Finally, Nottingham is acting pro se and is personally responsible for his failure to comply with the district court’s orders. Additionally, Nottingham’s noncompliance was due to intentional conduct, as he acknowledged understanding Magistrate Judge Avepjtte’s order. In response to the order that included in its caption “LAST OPPORTUNITY TO COMPLY WITH COURT ORDER,” Nottingham stated that he “requests that he be able to proceed without providing any additional financial disclosure, without the threat of dismissal or sanctions.” Even after the district court dismissed the suit, Nottingham’s motion for reconsideration did not provide the financial information that he had been ordered to disclose. Instead, he again challenged the court’s authority to require financial disclosures once he had paid the filing fee. Accordingly, “aggravating factors” are present.
The district court did not abuse its discretion in dismissing this action pursuant to Rule 41(b).
⅜ ⅜ ⅜»
For the reasons set forth herein, the judgment of the. district court is AFFIRMED.

. See Fed R. Civ. P,. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1126 (5th Cir. 1988) *441 (per curiam).

. Coleman v. Sweetin, 745 F.3d 756, 766 (5th Cir. 2014) (per curiam).

. Id. (quoting Boatman v. Econ. Lab., Inc., 537 F.2d 210, 213 (5th Cir. 1976)).

. Bryson v. United States, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (citations omitted) (quoting Callip v. Harris Cty. Child Welfare Dep’t, 757 F.2d 1513, 1521 (5th Cir. 1985)); see also Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996) (noting that a district court does not abuse its discretion by dismissing a case with prejudice if the plaintiff has been contumacious and the court has "employed lesser sanctions before dismissing the action”).

. 28U.S.C, § 1915(e)(2)(A).

. 28 U.S.C. § 1915(e)(2).

. See Mathis v. New York Life Ins. Co., 133 F.3d 546, 547 (7th Cir. 1998) (per curiam) ("The Prison Litigation Reform Act (PLRA) redesignated# 1915(d) to § 1915(e) and mandated that a district court ‘shcill dismiss the case’ if among other things ‘the allegation of poverty is untrue.' ”). We also find our decision in Castillo v. Blanco, 330 Fed.Appx. 463, 466 (5th Cir. 2009) (per curiam) (unpublished) (noting mandatory dismissal requirement) persuasive.

. Compare Order Setting Deadline for Submission of IFP Data Sheet, Nottingham v. Richardson, No. 2:10-CV-60 (N.D. Tex. July 2, 2010), ECF No. 13 with Receipt for $350, Nottingham v. Richardson, No. 2:10-CV-60 (N.D. Tex. July 12, 2010); compare Notice of Deficiency, Nottingham v. Finsterwald, No. 2:10-CV-23 (N.D. Tex. Feb. 19, 2010), ECF No. 8 with Receipt of payment for Filing Fee, Nottingham v. Finsterwald, No. 2:10 CV-23 (N.D. Tex. Mar. 9, 2010).

. Bryson, 553 F.3d at 403 (quoting Callip, 757 F.2d at 1521).

. Id. (quoting Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982)).

. See Fed. R. Civ. P. 41(b) (authorizing dismissal as sanction for failing to comply with court order); cf. McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988) (focusing contuma-ciousness inquiry in a dismissal for failure to prosecute on the “stubborn resistance to authority” (internal quotation marks and citation omitted)).

. Thrasher v. City of Amarillo, 709 F.3d 509, 514 (5th Cir. 2013) (alterations and internal quotation marks omitted).