# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30495
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2019

Lyle W. Cayce
Clerk

STACY MORGAN; A-PLUS CONTRACTORS, L.L.C.,

    Plaintiffs - Appellants

v.

AMERICAS INSURANCE COMPANY,

    Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-13900

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:*

    Appellant A-Plus Contractors, L.L.C. ("A-Plus") and its owner, Appellant Stacy Morgan ("Morgan"), appeal the district court's dismissal with prejudice of their lawsuit under Federal Rule of Civil Procedure 41(b). For the reasons discussed below, we vacate the district court's dismissal and remand for further proceedings.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30495

## BACKGROUND

A-Plus was hired by Hollis Burton to repair and remediate damage to Burton's home after a fire occurred on Burton's property. Burton had a homeowner's insurance policy with Americas Insurance Company ("AIC") which covered his property in the event of a fire. A-Plus completed the repairs on Burton's home in or around mid-2015 at a cost of approximately $93,000. Burton paid a portion of the cost after receiving a disbursement from AIC, which reduced the outstanding balance to about $43,000. In December 2015, Burton executed an Assignment of Insurance Benefits Form wherein Burton assigned his remaining insurance benefits related to the fire to A-Plus and Morgan.

In March 2016, counsel for Appellants sent a demand for payment to AIC. AIC's counsel responded in April that AIC disputed the amount and invoked the appraisal provision in the insurance policy. AIC also requested examinations under oath ("EUO") of both Burton and Morgan pursuant to the policy. The EUO of Burton took place in May 2016; however, Morgan's EUO never occurred.

Appellants subsequently filed a petition for damages in June 2016 in Louisiana state court and asserted Morgan did not need to submit to an EUO because he was not an insured under the policy. AIC removed the case to federal court and filed a motion to dismiss. Appellants filed a motion to remand, and the district court ultimately denied both motions. In April 2017, shortly after filing its answer, AIC filed a motion to compel EUO and appraisal and requested a stay of litigation pending appraisal. The motion to compel also requested the district court compel Appellants to provide documentation to support their claim in conjunction with the EUO. On July 6, 2017, the district court granted AIC's motion and the case was stayed and administratively closed pending completion of the appraisal process.

No. 18-30495

During the stay, AIC sent several requests to Morgan's counsel for possible dates to schedule Morgan's EUO, at least two of which went unanswered. Eventually Morgan's counsel responded, saying he was a sole practitioner who had just moved offices and had had an out of town trial during that time. The parties agreed to conduct Morgan's EUO on September 27, 2017 at Morgan's counsel's office in Metairie, Louisiana. However, two days prior to the scheduled EUO, Morgan's counsel canceled because Morgan was "stuck" in Miami as a result of cleanup efforts related to Hurricane Irma. Morgan's counsel stated Morgan would be available in another 3-4 weeks. AIC filed a motion to lift the administrative stay and to dismiss Appellant's petition with prejudice in October 2017. In support, AIC also mentioned that Appellants had not complied with the appraisal process, having failed to appoint an appraiser despite numerous requests.

The district court held a hearing on AIC's motion in November 2017. After hearing the parties' arguments and excuses, the district court acknowledged it had not put a deadline on the administrative stay and stated it would lift the stay on December 8, 2017. If at that time the EUO and appraisal process were not "well underway or done completely," the court would entertain the motion to dismiss. The district court stated the delays were "unacceptable" and noted that Morgan needed "to be here very soon for the examination under oath."

That afternoon, Morgan's counsel selected an appraiser and the parties began coordinating Morgan's EUO. The earliest Morgan was available was November 22, but the parties eventually settled on November 30, 2017. The morning of November 30, Morgan's counsel notified AIC that Morgan could not appear as scheduled, as he was arrested at the Dallas airport for leaving a gun in his carry-on luggage. Morgan apparently offered to fly into New Orleans after posting his bond, but his counsel told him that would be problematic.

3

No. 18-30495

On December 12, 2017, the district court lifted the stay and requested supplemental briefing on whether Appellants had complied with the policy requirements. AIC argued Morgan's actions constituted contumacious conduct and the district court agreed, citing Morgan's last-minute cancellations of scheduled EUOs and failure to respond to scheduling requests. The district court highlighted Morgan's failure to appear for an EUO after November 30th and noted Appellants had not moved for approval of a late EUO.

Appellants now appeal the district court's ruling.

## STANDARD OF REVIEW

Rule 41(b) authorizes a district court to dismiss an action with prejudice if a plaintiff fails to comply with court orders. Fed. R. Civ. P. 41(b); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016). This court reviews a district court's Rule 41(b) dismissal for abuse of discretion. *Nottingham*, 837 F.3d at 441. However, a dismissal with prejudice is an extreme sanction and the district court's discretion is therefore limited; we will only affirm such a dismissal if the failure to comply with the court order is the result of purposeful delay or contumacious conduct and the district court first employs lesser sanctions. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (citing *Burden v. Yates*, 644 F.2d 503 (5th Cir. 1981)). Even in such instances, this court will only affirm if one or more aggravating factors are also present: 1)delay caused by the plaintiff himself, not the attorney; 2) actual prejudice to the defendant; or 3) delay caused by intentional conduct. *Berry*, 975 F.2d at 1191 (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

## DISCUSSION

Appellants argue that the district court abused its discretion in dismissing their lawsuit because there is no record of delay or contumacious conduct. We agree.

4

No. 18-30495

As an initial matter, neither order was sufficiently clear to put Morgan on notice that he had violated it. The first order did not have a deadline, and therefore Morgan could reasonably have thought he had time to reschedule his EUO. As for the second order, while the district court advised Morgan through his counsel that it would consider a motion to dismiss if the appraisal and EUO process were not "well underway" by December 8, the appraisal process had begun by that date.[1] The order was therefore not clear enough to put Morgan on notice that he had not complied, as Morgan may have reasonably believed he was in substantial compliance with the district court's order based on the appraisal moving forward. Even if Morgan clearly violated both orders, more is required for a dismissal with prejudice. *Berry*, 975 F.2d at 1192, n.6. ("Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice.") (collecting cases).

It also is not apparent that the district court considered lesser sanctions other than to say they "would not be effective." *See Callip v. Harris County Child Welfare Dep't.*, 757 F.2d 1513, 1521 (5th Cir. 1985) (finding the district court's considerations must be apparent on the record "for our consideration of the inevitable argument that the dismissal was an abuse of discretion." (quoting *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984)). While the court gave a warning, it was not explicit enough to constitute lesser sanctions. *See Nottingham*, 837 F.3d at 442 (stating explicit warnings can constitute lesser sanctions).

Second, only two delays after this lawsuit was filed were attributable to Morgan himself rather than his attorney. The first EUO was canceled

---

[1] While the district court's dismissal order stated Morgan did not move for approval of a late EUO, in Appellants' supplemental briefing, Morgan apologized to the court and asked the court to allow him another chance to submit to the EUO.

intentionally by Morgan for business reasons (not, as he implied in his opening brief, because he was a victim of a natural disaster). However, the second cancellation, while concededly "careless, inconsiderate, [and] understandably exasperating," was unintentional and did not amount to contumacious conduct. *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (quoting *McNeal v. Papsan*, 842 F.2d 787, 791 (5th Cir. 1981)). "[I]t is the 'stubborn resistance to authority' which justifies a dismissal with prejudice," and such stubbornness was not present here. *Id.* (quoting *McNeal*, 842 F.2d at 791). The district court did not find Morgan's arrest to be intentional, and it was Morgan's attorney who advised him not to fly out after he posted bond. Further, while Morgan's counsel did not respond to AIC's counsel's requests for dates to schedule the EUO, there is no evidence that Morgan himself was the cause of the failure. In fact, the record appears to support otherwise.

While AIC argued it was unduly prejudiced by Morgan's delay, it was only in July 2017 that the district court determined Morgan was required under the policy to submit to the EUO. Delay warranting a dismissal with prejudice must be longer than just a few months and must generally be characterized by "significant periods of total inactivity." *Millan*, 546 F.3d at 326–27 (quoting *McNeal*, 842 F.3d at 791). The delay here did not include significant periods of inactivity, and there is no factual support in the record that AIC was unduly prejudiced by the delay. Even if AIC was prejudiced, part of the reason for the initial delay was the motion to remand and motion to dismiss filed by the parties—motions which each party was entitled to file.

Lastly, the district court also stated dismissal was proper because Morgan failed to comply with the insurance policy. However, the case it relied

No. 18-30495

upon,[2] and the additional cases cited by AIC in its brief,[3] were all decided on motions for summary judgment and are therefore inapplicable in a Rule 41(b) analysis.

**CONCLUSION**

While we do not condone Morgan's behavior and we understand the district court's frustration, on this record we conclude the district court abused its discretion in employing the draconian sanction of dismissing Appellants' suit with prejudice. Accordingly, the district court's order of dismissal is VACATED and the case is REMANDED for further proceedings.

---

[2] *Mosadegh v. State Farm Fire & Cas. Co.*, 330 F. A'ppx 65 (5th Cir. 2009).

[3] *Brantley v. State Farm Ins. Co.*, 865 So.2d 265 (La. App. 2 Cir. 2004); *Hamilton v. State Farm Fire & Cas. Ins. Co.*, 477 F. App'x 162 (5th Cir. 2012); *Assaf v. Allstate Indem. Co.*, 2011 WL 3178551 (E.D. La. Jul. 7, 2011).