# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 18-20472
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 25, 2019

Lyle W. Cayce
Clerk

GWENDOLYN P. WRIGHT,

      Plaintiff - Appellant

v.

LBA HOSPITALITY; LBAM INVESTOR GROUP, L.L.C.; APPLE HOSPITALITY REIT, INCORPORATED; FARRAH ADAMS; PHILIP BARROCAS; MARY EWING; MARSHA CANON; BARBARA ISRAEL; MARRIOTT INTERNATIONAL, INCORPORATED; COURTYARD MANAGEMENT CORPORATION; MARRIOTT WORLDWIDE RESERVATION SERVICES, L.L.C.; MIF, L.L.C.; MARRIOTT INTERNATIONAL, INCORPORATED HOST MARRIOTT CORPORATION, formerly known as Marriott Corporation, "Host Marriott"; MARRIOTT INTERNATIONAL, INCORPORATED ("MII"); HOST MARRIOTT SERVICES CORPORATION; HOST MARRIOTT CORPORATION ("HOST REIT"); CTYD III CORPORATION, COURTYARD BY MARRIOTT; LARRY BLUMBERG AND ASSOCIATES, INCORPORATED; LBAM-JALARAM, L.L.C.; LBAM-VRAMA, L.L.C.; LBAM-KEY, L.L.C.; LBAM-3H, L.L.C.; APPLE REIT COMPANIES; LARRY BLUMBERG; ELIZABETH B. GLASCOW,

      Defendants - Appellees

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:17-CV-1838

———————

No. 18-20472

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Gwendolyn Wright, proceeding *pro se*, appeals the dismissal of her lawsuit for failure to comply with the district court's order to file written proof of service of her amended complaint. We AFFIRM.

Federal Rule of Civil Procedure 41(b) states that "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016). "The standard of review for a Rule 41(b) dismissal is whether the district court abused its discretion in dismissing the action." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

When "'the dismissal is without prejudice but the applicable statute of limitations probably bars future litigation,' our examination is searching, and we review the dismissal as we would a dismissal with prejudice." *Nottingham*, 837 F.3d at 441 (quoting *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014)). There is probably a bar applicable to Wright's suit. While she has not raised the issue of limitations, we note that she obtained a right to sue letter from the EEOC and was required to bring her claims under the Americans with Disabilities Act within 90 days of receiving that letter.[1] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

"Lesser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice." *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (citing *Long v. Simmons*, 77 F.3d 878,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] At the same time, the letter was dated March 7, 2017 and her initial complaint was not filed until June 12, 2017, a total of 97 days later. Thus, if she is barred by limitations, it is not necessarily a consequence of the dismissal.

880 (5th Cir.1996)).  A Rule 41(b) dismissal that is effectively with prejudice is appropriate, though, where there is a "clear record of delay or contumacious conduct by the plaintiff, . . .[] and when lesser sanctions would not serve the best interests of justice."  *Id.* (quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985) (ellipsis in original)).

The district court extended some leniency to Wright, as is proper with a *pro se* plaintiff.  *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991).  One week after Wright filed her initial complaint, which sought over $17 million in damages, the court granted her application to proceed *in forma pauperis*.  The district court clerk provided this advice:

> It is your responsibility to prepare and have one summons issued for each of the defendants named in your complaint pursuant to Fed. R. Civ. P. 4. You are also responsible for service of the summons and complaint unless otherwise ordered by the court. If you do not have summons issued and served within 90 days of the filing of your complaint, the court may dismiss it, ending your case.

The court issued summons and delivered them to the United States Marshal for service on all nine initial defendants at the sole address provided by Wright.  Even as many of them were returned to the U.S. Marshal's office unserved, Wright proceeded to file motions seeking increasingly extreme amounts of money.  Over four months she filed five motions for summary or default judgment, and her initial $17 million demand grew to $32 million, then to $88 million, and finally to more than $90 million.

On March 21, 2018, the court gave Wright the opportunity to amend her complaint within 21 days to avoid dismissal of the sole defendant who had responded to her complaint.  Only after she failed to do so was that defendant dismissed from the case on April 12, 2018.  Shortly afterward, on April 23, Wright filed an amended complaint she titled the "Fourth Supplemental

No. 18-20472

Petition," which persisted in naming the recently dismissed party as a defendant.

On June 14, 2018, the court found that Wright had failed to serve the amended complaint on more than two dozen named defendants. It ordered her to do so within 10 days and to file proof of such service within 14 days. The court warned Wright that failure to comply would result in dismissal. Wright failed to file anything at all. On July 2, 2018, the district court dismissed her complaint without prejudice for failure to comply with a court order.

The district court did not abuse its discretion by the dismissal. "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey*, 929 F.2d at 171 (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). The district court had warned Wright of the consequences and "allowed [her] a second chance at obtaining service." Wright disregarded that clear and reasonable order.

AFFIRMED.