# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30206

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2019

Lyle W. Cayce
Clerk

RON JOHNSON,

      Plaintiff - Appellant

v.

VICTOR E. JONES, JR., individually & in his official capacity as Sheriff for Natchitoches Parish; PATRICK DAVIS, individually & in his official capacity as Lieutenant for the Natchitoches Parish Sheriff's Office; DEAN DOVE, individually & in his official capacity as Warden for the Natchitoches Parish Detention Center,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CV-1187

Before DAVIS, SMITH, and COSTA, Circuit Judges.

PER CURIAM:*

    Ron Johnson appeals the with-prejudice dismissal of his civil rights lawsuit. The district court dismissed the case as a sanction under Federal Rules of Civil Procedure 37(b)(2) and 41(b). Although the district court was understandably frustrated with plaintiff's late and incomplete discovery

---

    * Under 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30206

responses, not all the requirements for the "drastic sanction" of dismissal with prejudice existed. *See Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013). We thus vacate the judgment and remand for further proceedings.

I.

In September 2017, Johnson sued Victor Jones, the Natchitoches Parish Sheriff; Patrick Davis, one of Jones's lieutenants; and Dean Dove, the Natchitoches Parish Detention Center Warden. According to the complaint, Davis physically attacked Johnson—a Detention Center inmate—while he was wearing hand and feet restraints. A month into the suit, the defendants served Johnson with interrogatories, requests for production, and authorizations to obtain his medical and employment records. Johnson's counsel, believing the requests were premature because they were served before the Rule 26(f) scheduling conference, did not respond.

Having still not received responses by February 2018, the defendants moved to compel and sought sanctions. Johnson finally responded to the discovery requests on May 15, 2018, just hours before the magistrate judge heard argument on the defendants' motion. At the hearing, the defendants withdrew their request for sanctions.

But the motion to compel was still pending. Finding that Johnson's responses were "evasive and incomplete," the magistrate judge granted the motion to compel. The magistrate judge ordered Johnson to supplement his interrogatory responses and to produce the requested documents by June 21, 2018. The magistrate judge also ordered Johnson to sign medical and employment record authorizations by the same date.

Johnson failed to do so. Relying on that failure, the defendants moved for dismissal with prejudice under Rules 37(b)(2) and 41(b). That motion prompted Johnson to supplement his discovery responses.

No. 19-30206

Five months later, the magistrate judge ruled that Johnson's supplemental responses did not comply with the May 2018 discovery order and ordered additional briefing on the motion to dismiss. Johnson provided the requested authorizations as attachments to his brief.

Even though Johnson had finally provided the authorizations, the magistrate judge recommended that the motion to dismiss be granted. The recommendation cited both Federal Rule 37(b)(2), the rule specifically governing discovery violations, and Rule 41(b), the general rule governing dismissal for failure to prosecute or comply with court orders. The magistrate judge noted that Johnson had violated the discovery order by submitting incomplete and untimely responses. He also observed that Johnson's discovery cooperation "was only prompted by either a motion by [the] [d]efendants or the Court's orders," and he failed to verify his original or supplemental interrogatory responses. The magistrate judge recognized, however, that it was unclear whether the violations were the fault of Johnson or his attorney.

Adopting the magistrate judge's recommendation, the district court entered final judgment dismissing Johnson's complaint with prejudice.

II.

We review for abuse of discretion a district court's dismissal with prejudice under Rules 37(b)(2) or 41(b). *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (Rule 41(b)); *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (Rule 37(b)(2)). Dismissal with prejudice "is a severe sanction that implicates due process." *Moore*, 735 F.3d at 315. This "draconian remedy" thus should "not be used lightly, and should be used . . . only under extreme circumstances." *Conner*, 20 F.3d at 1380 (quoting *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)).

No. 19-30206

### III.

### A.

Because a dismissal with prejudice punishes the party bringing the suit, that sanction may issue under Rule 37(b)(2) only if "the violation of the discovery order [was] attributable to the client instead of the attorney." *Conner*, 20 F.3d at 1380. Not only is that finding lacking here, but the magistrate judge acknowledged that he could not determine whether the client was responsible for any of the discovery problems. Rule 37(b)(2) thus does not support the dismissal with prejudice. *Id.*; *see also Oprex Surgery (Baytown), L.P. v. Sonic Auto. Emp. Welfare Benefit Plan*, 704 F. App'x 376, 381 (5th Cir. 2017) (per curiam).

### B.

That leaves Rule 41(b). Rule 41(b) allows dismissal with prejudice "only where there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (quoting *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)). "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 n.6 (5th Cir. 1992) (collecting cases); *see also Morgan v. Ams. Ins. Co.*, 759 F. App'x 255, 257–58 (5th Cir. 2019).

Despite the extensive motion practice relating to Johnson's discovery responses, there was only one failure to comply with a court order. And Johnson did not completely flout that order; he submitted some discovery responses and filed supplemental responses a month after the district court's deadline. That conduct, though certainly far from satisfactory, does not amount to the "'stubborn resistance to authority' which justifies a dismissal

with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)). For comparison's sake, our recent decisions affirming dismissal-with-prejudice sanctions involved a party's persistent refusals to arbitrate, *Griggs*, 905 F.3d at 845; a plaintiff's intentional flight from law enforcement for five years, *Gates*, 885 F.3d at 883; and a plaintiff's "flout[ing]" multiple "court orders simply because he [was] not independently certain of their validity," *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 442 (5th Cir. 2016). Unlike those cases, the conduct here—though troubling—did not "threaten[] the integrity of the judicial process." *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982).

In addition to the absence of contumacious conduct, the magistrate judge did not first try a lesser sanction or warn Johnson that dismissal would follow any further violations. The magistrate judge stated that "[l]esser sanctions ha[d] been employed . . . to no avail," but compelling discovery, which the court did once, is not a Rule 41(b) sanction. *Nottingham*, 837 F.3d at 442 (explaining lesser sanctions under Rule 41(b) include fines, costs, or damages assessed against the plaintiff, explicit warnings, conditional dismissal, and dismissal without prejudice).

For these reasons, dismissal was also improper under Rule 41(b).

\* \* \*

The judgment is VACATED, and the case is REMANDED for further proceedings. We trust that prompt attention will be paid to any additional discovery requests or other deadlines so that this case may proceed expeditiously to resolution.