# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-10861
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2023

Lyle W. Cayce
Clerk

Bueford James Friemel,

*Plaintiff—Appellant*,

*versus*

Randall County Sheriff,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:23-CV-95

———————————————————————

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Bueford James Friemel, proceeding *pro se*, appeals the district court's judgment dismissing without prejudice his complaint for failure to comply with a court order to amend his complaint. We AFFIRM.

Plaintiff filed a complaint against "Randall County Sheriffs" for civil rights violations and defamation. He alleged that on June 11, 2022, Randall

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10861

County Sheriffs illegally removed a fence on his property and forced him to move twenty-five vehicles off the property. He contends that he lived on the property for twenty-five years and operated a mechanic shop on the property for seventeen years. After filing his complaint, Plaintiff filed an application to proceed *in forma pauperis*, which the district court denied. In the order denying his application, the district court noted that Plaintiff failed to identify "by name the defendant to this lawsuit or pa[y] court costs." The court consequently ordered Plaintiff to amend his complaint to identify the defendant by name and pay court costs on or before July 17, 2023. On August 4, 2023, noting that Plaintiff had not amended his complaint, the district court dismissed the case without prejudice for failure to comply with its order.

Under Rule 41(b) of the Federal Rules of Civil Procedure, "a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."[1] This Court reviews such dismissals for abuse of discretion.[2] "A district court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence."[3]

Plaintiff does not argue that the district court abused its discretion or otherwise erred in dismissing his complaint under Rule 41(b). His appellate brief appears to concern a different case he filed in district court that was dismissed without prejudice for failure to show good cause for not serving defendants in a timely manner. Plaintiff appealed that dismissal, and this

---

[1] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citation omitted).

[2] *Id.* at 441 (citation omitted).

[3] *Thomas v. Hughes*, 27 F.4th 995, 1006 (5th Cir. 2022) (citation omitted).

No. 23-10861

Court affirmed on July 28, 2023.[4] He also argues the merits of his claim that state officials unlawfully moved the boundary line of his property and forced him to move vehicles off the property.

Although this Court liberally construes *pro se* briefs, "*pro se* parties must still brief the issues."[5] Because Plaintiff fails to challenge the basis for the district court's dismissal under Rule 41(b), Plaintiff has waived the issue, and thus, in effect, has not appealed the judgment.[6] Accordingly, the district court's without-prejudice dismissal is AFFIRMED.

---

[4] *Friemel v. Deleon*, No. 23-10172, 2023 WL 4837889 (5th Cir. July 28, 2023).

[5] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("[A]rguments must be briefed to be preserved.").

[6] *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that appellant's failure to identify any error in the basis for the district court's judgment "is the same as if he had not appealed that judgment").