# United States Court of Appeals for the Fifth Circuit

No. 24-20346

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2025

Lyle W. Cayce
Clerk

Tambria Lee,

*Plaintiff—Appellant*,

*versus*

Southwest Airlines Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-1901

_____

Before Elrod, *Chief Judge*, and Clement and Haynes, *Circuit Judges*.
Per Curiam:[*]

After two failed depositions, three rounds of counsel, and two warnings from a magistrate judge to comply with his orders or face dismissal, Tambria Lee again defied a court order. In response, Southwest Airlines Company moved to dismiss Lee's case as a sanction under Federal Rules of Civil Procedure 37 and 41. Because the district court did not abuse its

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

discretion by granting Southwest's motion and dismissing Lee's case with prejudice, we AFFIRM.

I

Lee was hired as a flight attendant by Southwest in 2001. Beginning in 2017, she took medical leave on "six (6) individual instances, totaling approximately 150 days missed." On June 20, 2018, Lee submitted a doctor's release form to return to work. But before allowing her to return, Southwest required Lee to undergo a Fitness for Duty Exam ("FDE"). Southwest also requested that Lee sign a "Voluntary Disclosure of Patient Information Authorization Form," but Lee refused, leading to a protracted dispute between Lee and Southwest.

On December 19, 2018, Southwest fired Lee for violating the company's conduct rules by allegedly harassing the third-party medical provider, staff, and scheduler at the clinic where Lee received her FDE. Southwest later reinstated Lee in November 2019 through an arbitration order that also awarded backpay, lost wages, and benefits.

Lee filed this lawsuit against Southwest in June 2021, alleging age and disability discrimination and retaliation. Six months later, Lee's counsel moved to withdraw from her case. The magistrate judge originally denied the motion but later granted the request. Lee repeated this exact process— obtaining counsel who filed an unsuccessful motion before eventually receiving leave to withdraw—two more times throughout this action. All told, Lee was represented by three different sets of counsel in this case. Each motion to withdraw recounts similar behavior by Lee that impacted her counsel's ability to prosecute the case: she sought to pursue unwise and imprudent legal strategies; she did not listen to or cooperate with her lawyers; and she treated her lawyers and their staff with disrespect.

No. 24-20346

In addition, Lee failed to comply with scheduled depositions and court-ordered directives on multiple occasions. She was initially scheduled to take a deposition on June 29, 2023. Yet three days before the deposition, her counsel relayed to Southwest that Lee said she could not attend due to a vacation. Her next deposition was scheduled for July 24, 2023. Lee arrived for that deposition ostensibly healthy. But after the first question, she began coughing and quickly exited the room. She never returned because she said she needed to seek medical attention. Southwest, however, eventually discovered that she did not obtain medical attention, meaning she failed to justify her absence. A certificate of nonappearance was entered on the record.

The parties later agreed that Lee's deposition would take place on October 4, 2023. To ensure Lee's compliance, Southwest moved to compel Lee's appearance at the deposition. On September 27, at a hearing on that motion, the magistrate judge extended Lee's deposition to October 31 and ordered Lee to complete the following tasks by October 6:

- submit to Southwest a list under penalty of perjury of all jobs she has held and sources of income since being terminated by Southwest;
- respond in writing under penalty of perjury to the discovery letter Southwest's counsel delivered to her in court;
- provide four (4) dates that she is available for a full-day deposition;
- provide documentation showing where she was and what she was doing on June 29, 2023; and
- provide documentation of her visit to her medical provider on July 24, when she left her deposition after the first question.

The magistrate judge extended the discovery deadline to November 30 and warned Lee that "failure to participate in this case will result in sanctions including dismissal of this case."

On October 6, Lee sent Southwest's counsel an email at 10:35 p.m. with a Microsoft Word document, "which contained narrative explanations . . . about what she contends happened with respect to previous deposition dates." These explanations were not made under penalty of perjury as required by the magistrate judge's order. Earlier in the evening, she sent a nine-page fax to Southwest's counsel: the fax contained a copy of Lee's second counsel's response to a March 31, 2023, deficiency letter from Southwest, an email from her second counsel discussing that letter, and another narrative explanation from Lee about what occurred with her medical provider the day of her second deposition. Southwest received no other information from Lee, so it served Lee with a deficiency notice advising her that she was in contempt of the court's order, and it demanded that she comply by October 12. On October 11, Lee notified Southwest that she was retaining new counsel that would address Southwest's concerns but did not meaningfully respond to the demand that she comply with the court's order.

Southwest moved to dismiss Lee's case as a sanction for her failure to prosecute the case and for her failure to appear for her depositions. On November 30, at a hearing on that motion, the magistrate judge gave Lee another chance to comply with his orders and prosecute her case. He issued the same directives that he issued at the September 27 hearing and required Lee to comply on or before December 8. He also ordered Lee's deposition to take place in his courtroom on January 10, 2024. Once again, he admonished Lee that if she failed to follow the order, her case would be ultimately dismissed. Once again, Lee refused to comply with his directives.

In response, Southwest moved again to dismiss Lee's case as a sanction under Rules 37 and 41. After a hearing, the magistrate judge found that Lee did not comply with his order. He issued a report and recommendation that the motion to dismiss be granted. The district court reviewed his report, accepted it, and entered final judgment. Lee, proceeding pro se, timely filed this appeal.

## II

We review for abuse of discretion a district court's dismissal under Rules 37(b)(2) or 41(b). *Moore v. CITGO Refin. & Chems. Co.*, 735 F.3d 309, 315–16 (5th Cir. 2013) (Rule 37(b)(2)); *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (Rule 41(b)). Because this special tool in the district court's toolkit imposes a severe sanction, it should be deployed "only in those situations where a lesser sanction would not better serve the interests of justice." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981).

## III

Lee contends that the district court abused its discretion by dismissing her case because she engaged in good faith but her attorneys caused delays; the court did not test lesser sanctions at its disposal; and it ignored Southwest's purported misconduct during discovery. Southwest presses that Lee's conduct "rose to the level of blatant willfulness and blatant bad faith," so dismissal was proper under Rule 37 and Rule 41.

We start with the text of Rule 41(b). "If the plaintiff fails to prosecute or comply with the[] [federal] rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). This "authority" is premised on the courts' assumed "power . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631–32 (1962). A dismissal under Rule 41(b) requires the satisfaction of two key conditions: (1) "a clear record of

delay or contumacious conduct by the plaintiff," and (2) a finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted). "[I]n most cases where this Court has affirmed dismissals with prejudice, we found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (alteration in original) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)). The use of this power is dedicated to the sound discretion of the district court. *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

"Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice." *Berry*, 975 F.2d at 1191 n.6 (collecting cases); *Johnson v. Jones*, 794 F. App'x 400, 403 (5th Cir. 2019) (per curiam) (vacating a district court's order of dismissal, in part because "there was only one failure to comply with a court order," which the plaintiff "did not completely flout"). Instead, "it is 'the stubborn resistance to authority' which justifies a dismissal with prejudice." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988) (quoting *John v. Louisiana*, 828 F.2d 1129, 1132 (5th Cir. 1987)). Examples of such stubborn resistance include a party's persistent refusal to arbitrate, *Griggs*, 905 F.3d at 844–45; a plaintiff's purposeful flight from law enforcement for five years, *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018); and a plaintiff's willful "flout[ing]" of two "court orders simply because he [was] not independently certain of their validity," *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 442 (5th Cir. 2016). These cases all involved contumacious conduct that undermined "the integrity of the judicial process." *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982).

Today, we hold that the district court did not abuse its discretion in dismissing Lee's case under Rule 41(b). Two reasons justify our conclusion.

*First*, Lee exhibited "contumacious conduct." *Berry,* 975 F.2d at 1191. The district court found that "Lee's failure to sit for her deposition and her actions that made scheduling her deposition nearly impossible are willful on her part and not the fault of her counsel." Moreover, the court found that Lee—not her attorneys—"repeatedly failed to comply with the court's orders," which were designed to encourage prosecution. We agree.

To begin, we review Lee's two failed schedule depositions with Southwest. Her first one was canceled three days in advance because of a planned vacation. Her second one did not fare much better: she arrived seemingly healthy, but she left after the first question was asked and never returned to finish the deposition. The purported reason for her absence— that she needed to seek medical attention—was never substantiated by Lee.

Next, we look to Lee's persistent stubborn refusal to comply with two court orders. On September 27, the magistrate judge extended Lee's deposition date, ordered her to complete certain tasks, and reprimanded Lee that a failure to prosecute her case would result in sanctions. Yet Lee did not adhere to that order. On November 30, the magistrate judge again gave Lee *another* chance to comply with his orders. He issued the same directives as before, requiring Lee to comply on or before December 8. He also ordered Lee's deposition to take place in his courtroom on January 10, 2024. Like before, he cautioned Lee that if she failed to follow his orders, her case would be dismissed. But Lee refused to follow that order, too.

The evidence in this case clearly shows Lee's contumacious conduct in prosecuting her case. *Nottingham* provides support for our conclusion.

In that case, the district court "twice made clear that it required Nottingham's compliance with its original order," which required him to

provide financial disclosures related to his *in forma pauperis* application. 837 F.3d at 439, 442. After receiving this clear instruction, "Nottingham expressed confusion at the directive and noted that he 'cannot find any requirement to file any financial statement if he has not asked for any financial assistance.'" *Id.* at 442. But his confusion did not rescue him from Rule 41(b) dismissal because the financial disclosure requirement "was clearly set forth in two [of the magistrate judge's] orders." *Id.*

Here, the magistrate judge's orders clearly set forth the conditions necessary for Lee to bring herself into compliance. And like Nottingham, Lee refused to comply with each order, despite receiving explicit warnings of dismissal. *See Nottingham*, 837 F.3d at 443. In fact, Lee demonstrated a far more active stubborn resistance to the magistrate judge's orders than Nottingham. Unlike Nottingham, who did not comply based on his purported "confusion" about the financial disclosure statement requirement, 837 F.3d at 442, Lee acknowledged the existence of the magistrate judge's orders before she questioned their propriety and usefulness and then purposefully defied them. Her willful defiance of these explicit orders constituted contumacious conduct under Rule 41(b) that challenged "the integrity of the judicial process." *Rogers*, 669 F.2d at 320.[1]

For these reasons, we hold that Lee's continued evasion of her scheduled depositions, along with her willful defiance of the magistrate judge's orders, established a clear record of her contumacious conduct.

---

[1] In addition to her failure to attend depositions and defiance of court orders, Lee has an abrasive history with her *three* sets of counsel—each of which filed *two* separate motions for withdrawal because she failed to prosecute her case and exhibited disrespect toward them and their staff. This evidence further buttresses our conclusion that Lee's conduct was contumacious.

*Second*, "lesser sanctions would not prompt diligent prosecution" in this case. *Berry*, 975 F.2d at 1191. Lesser sanctions include "fines, costs, or damages against the plaintiff," as well as "conditional dismissal, dismissal without prejudice, and *explicit warnings*." *Rogers*, 669 F.2d at 321 (emphasis added). Here, the magistrate judge held multiple hearings, ordered Lee to comply with two separate orders, and twice warned her that a failure to comply would result in dismissal. He also found that, since Lee did not comply, "[n]o lesser sanctions will achieve the desired effect of deterring future similar behavior." We agree and hold that these explicit warnings were lesser sanctions that ultimately did not prompt prosecution in this case.

\*        \*        \*

Reviewed cumulatively, the record shows that (1) Lee displayed contumacious conduct in evading depositions and willfully defying court orders, and (2) the court's application of lesser sanctions proved futile in incentivizing her to prosecute this case. Moreover, this case also contains one of our court's "aggravating factors" supporting affirmance: Lee, not her attorneys, was responsible for the intentional delay in this case. Thus, dismissal under Rule 41(b) was well within the district court's discretion.

Having determined that the district court did not abuse its discretion in dismissing this action under Rule 41(b), we need not address whether Rule 37(b)(2)(A) would independently support dismissal.

## IV

For these reasons, the judgment of the district court is AFFIRMED. All remaining pending motions carried with this case are DENIED as moot.

9