# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-50405
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2025

Lyle W. Cayce
Clerk

Olga Alcantara, *On her own behalf*,

> *Plaintiff—Appellant*,

*versus*

Marco Jasso, *#1888*; Jose Rivas, *#2985*; Ricardo Villagran, *#2882*,

> *Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CV-298

———————————————————————

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

 *Pro Se* Plaintiff-Appellant Olga Alcantara appeals the district court's dismissal of her claims with prejudice as a sanction for refusing to comply with court orders. Because the district court did not abuse its discretion by dismissing Alcantara's claims, we AFFIRM.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50405

Under Federal Rule of Civil Procedure 41(b) district courts may "dismiss an action sua sponte if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016). We review such dismissals for abuse of discretion. *Coleman v. Sweetin*, 745 F.3d 759, 766 (5th Cir. 2014) (per curiam). A dismissal with prejudice "will be affirmed only if: (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) lesser sanctions would not serve the best interests of justice." *Id.*

The record is replete with examples of Alcantara disobeying court directives. On three separate occasions Alcantara made *ex parte* communications to the district court, and the district court admonished her each time that *ex parte* communications were not permitted, absent circumstances not present here. After her third attempt to circumvent the district court's filing requirements, that court issued a Notice Regarding Plaintiff's Ex Parte Communications with the court. The Notice warned Alcantara that further attempts to communicate with the district court *ex parte* could result in sanctions up to and including dismissal for failure to follow court orders. The district court explicitly stated that such notice served as Alcantara's final warning not to communicate with the district court ex parte. Nevertheless, on February 3, 2025, Alcantara again sent a letter to the district court without any indication that the letter was sent to other parties. The repeated defiance of court directives creates a clear record of contumacious conduct, as assessed by the district court in its order dismissing Alcantara's claims. *See* Order Dismissing Pl. Olga Alcantara's Claims, *Ramirez v. Jasso*, No. EP-18-cv-00298-DCG at *17–18, Dkt. No. 198 (W.D. Tex. March 21, 2025).

Alcantara now claims that she called a court clerk for filing advice, and that the clerk directed her to send the February 2025 letter. But Alcantara did not mention the call in either the letter or in her motion for

2

reconsideration. Therefore, even if the call did occur, it is irrelevant to our analysis. *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008) ("We will not consider arguments or evidence that was not presented to the district court.").

The district court also discussed at length why lesser sanctions would not best serve the interests of justice in this case. *See* Order Dismissing Pl. Olga Alcantara's Claims, *Ramirez v. Jasso*, No. EP-18-cv-00298-DCG at *18–19, Dkt. No. 198 (W.D. Tex. March 21, 2025). The district court tried lesser sanctions—warning Alcantara repeatedly that ex parte communications were not permitted. Assessing fees or costs would not suffice because Alcantara has given reason to believe she could not pay those fees. Accordingly, dismissal was the only available sanction which served the interests of justice. Because Alcantara's behavior demonstrates she is unwilling to follow court orders, and because lesser sanctions have proven futile, dismissal with prejudice was proper. *See Pennie v. Giorgi*, 841 F. App'x 655, 660 (5th Cir. 2021).

Based on the above, the district court applied the proper law and was supported by clear evidence in the record when it dismissed Alcantara's claims. No abuse of discretion occurred. Alcantara's collateral attacks on the dismissal are unavailing. Alcantara claims her due process rights were violated because she lacked notice that the court would dismiss her claims. But the district court explicitly noted dismissal was a possible sanction for further misconduct in its Notice to her. Alcantara also contends that the guardianship of co-Plaintiff Evelyn Ramirez "magnifies the injustice" of her dismissal. Even if true, the question of whether Alcantara or Carlos Ramirez is a proper guardian for Evelyn Ramirez is not a question for this court. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) ("[The Rooker-Feldman] doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments.") Dismissal of

No. 25-50405

Alcantara's claims in federal court is based on and justified by her actions, and her actions alone.

AFFIRMED.