# United States Court of Appeals for the Fifth Circuit

No. 25-11346
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2026

Lyle W. Cayce
Clerk

Jason Stanford,

*Plaintiff—Appellant*,

*versus*

King of Freight, L.L.C.; England Carrier Services, L.L.C.; NFUSION Capital Finance, L.L.C.; Barron & Newburger, P.L.L.C.; Cobb Martinez Woodward, P.L.L.C.; Leinart Law Firm; Jason R. Jobe; Christopher J. Snead; Joe Luce; Marcus Blain Leinart; Matthew Eric Last; Stephen W. Sather; Behrooz P. Vida; Erin Marie Schmidt; Colin Peter Goodman; Thompson Coe Cousins & Irons, L.L.P.; Lauren M. Nelson,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CV-1363

---

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-11346

Because Jason Stanford failed to comply with the district court's vexatious-litigant order, we AFFIRM the dismissal of Stanford's claims.

In 2024, in a separate case, the district court dismissed that action with prejudice, *Stanford v. Eng. Carrier Servs. L.L.C.*, No. 4:24-CV-00241, 2024 WL 3732486, at *1 (N.D. Tex. Aug. 7, 2024, and declared Stanford to be "a vexatious litigant who is required to seek leave of [c]ourt before filing any additional lawsuits in the Northern District of Texas," *Stanford v. Eng. Carrier Servs. L.L.C.*, No. 4:24-CV-00241, 2024 WL 3732487, at *1 (N.D. Tex. Aug. 7, 2024). The district court later denied Stanford's motion to vacate the vexatious-litigant order. Stanford appealed that denial, and we affirmed. *Stanford v. Eng. Carrier Servs., L.L.C.*, No. 25-10483, 2025 WL 2978443, at *1 (5th Cir. Oct. 22, 2025) (per curiam) (unpublished).

Thereafter, Stanford filed the present action in the Northern District of Texas. The district court acknowledged that Stanford was subject to a vexatious-litigant order and determined that he had failed to seek leave of court before filing the action. As a result, the district court dismissed Stanford's claims without prejudice, struck Stanford's filings from the record, closed the case, and directed the court clerk not to "accept for filing any additional civil actions from Stanford . . . that are not accompanied by a motion for leave seeking permission to file the case." Stanford timely appealed.

The district court had jurisdiction over this case under 28 U.S.C. § 1331 because Stanford asserted claims arising under various federal statutes. We have jurisdiction over this appeal under 28 U.S.C. § 1291 because the district court entered a final judgment. We review dismissals for failure to comply with court orders for abuse of discretion. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016).

No. 25-11346

On appeal, Stanford makes various arguments challenging the validity of the vexatious-litigant order, contending that the district court's dismissal of his claims was error because it "rest[ed] entirely upon enforcement of that void order." However, we have already affirmed the district court's denial of Stanford's motion to vacate the vexatious-litigant order. *Stanford*, 2025 WL 2978443, at *1.

In reviewing the record, we conclude that Stanford did not seek leave to file the action, thus violating the vexatious-litigant order. Federal Rule of Civil Procedure 41(b) allows that "a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders," *Nottingham*, 837 F.3d at 440, and Stanford cannot demonstrate that the court abused its discretion in doing so.

Accordingly, we AFFIRM.